IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

        v.                   CRIMINAL NO. 3:23-30006-001-TLB

KEVIN SOLORZANO-GONZALEZ                                      DEFENDANT

**ORDER**

Defendant Solorzano-Gonzalez has filed a Motion to Suspend Criminal Monetary Penalties Schedule Payments (ECF No. 55) which was referred to the undersigned by U.S. District Judge Timothy L. Brooks.  The Government as responded (ECF No.57) and Defendant has filed a reply. (ECF No. 58).

While sympathetic to Defendant's position that he wants to be employed while incarcerated at Thomson FCI and understanding that employment is not currently available to him for reasons described in his Motion, Defendant is nevertheless not entitled to a suspension of the penalties imposed by his Judgment. (ECF No. 42).  As a practical matter, a court order is not needed under these circumstances because Defendant's Judgment only requires payment "at a rate of up to 50% of the defendant's available funds, in accordance with the Inmate Financial Responsibility Program." *Id.* at p. 7.  Defendant has established that he currently does not have available funds, and thus, no payments are due.

Defendant's Reply includes an "Inmate Statement" which reflects a single quarterly payment for "FRP" in the amount of $25 on October 9, 2024.  To the extent Defendant complains about the lack of a job placing him into "IFRP REFUSAL STATUS," or challenges the practices at Thomson FCI when executing the Inmate Financial Responsibility Program, Defendant will need to exhaust his administrative remedies before bringing a challenge under 28 U.S.C. § 2241.

1

*Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir. 2002) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP.")[1]. According to the United States, Defendant has not yet made an administrative complaint at Thomson FCI.   (ECF No. 57, ¶ 8).   Even had Defendant exhausted his administrative remedies, he would need to bring his action in Illinois.   For these reasons, Defendant's Motion to Suspend Criminal Monetary Penalties Schedule Payments (ECF No. 55) is **DENIED.**

   **IT IS SO ORDERED t**his 25th day of February 2025.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id.* at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal ... to the appropriate Regional Director." *Id.* at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal ... to the General Counsel." *Id.* An inmate may seek judicial review only after exhausting each of these steps. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *see also Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits)").