**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**UNITED STATES OF AMERICA**                    **PLAINTIFF/RESPONDENT**

**V.**                            **CASE NO. 3:23-CR-30006**

**KEVIN SOLORZANO-GONZALEZ**                    **DEFENDANT/PETITIONER**

## MEMORANDUM OPINION AND ORDER

Before the Court are Kevin Solorzano-Gonzalez's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (Doc. 63) and the Government's Response in Opposition (Doc. 66). For the reasons stated below, the Motion is without merit and is **DENIED**. The record conclusively shows that Mr. Solorzano-Gonzalez is not entitled to relief, so there is no need to conduct an evidentiary hearing. *See United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835–36 (8th Cir. 2005) (finding an evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief).

## I. BACKGROUND

On June 6, 2023, the United States named Mr. Solorzano-Gonzalez in a two-count indictment for transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). *See* Doc. 1. On October 2, 2023, Mr. Solorzano-Gonzalez pleaded guilty to the transportation charge. *See* Doc. 25. On March 20, 2024, Mr. Solorzano-Gonzalez requested a downward variance in his sentencing memorandum, asserting several theories of mitigation relating to the nature of his offense and his background. *See* Doc. 38. At the May 10, 2024, sentencing hearing, this Court recognized those mitigating factors and granted Mr. Solorzano-Gonzalez a downward variance,

sentencing him to 180 months of imprisonment instead of the 240-month sentence recommended by U.S. Sentencing Guidelines. *See* Doc. 52, pp. 37–40. Now, Mr. Solorzano-Gonzalez petitions this Court for relief under 28 U.S.C. § 2255, mainly identifying theories of relief based on ineffective assistance of counsel.

## II. LEGAL STANDARD

28 U.S.C. § 2255 allows individuals serving criminal sentences to challenge their convictions, but relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "[P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." *Saunders v. United States*, 236 F.3d 950 (8th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficiency, the defendant must show "counsel's errors were so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, the defendant "must prove a reasonable probability exists that, but for counsel's errors, the results of the proceeding would have been different." *DeRoo v. United States* 223 F.3d 919, 925 (8th Cir. 2000). If the defendant cannot prove prejudice, the Court "need not address whether counsel's performance was deficient." *Id.*

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

In his 28 U.S.C. § 2255 motion, Mr. Solorzano-Gonzalez identifies several inter-connected ineffective assistance of counsel arguments, but each theory fails.

2

First, Mr. Solorzano-Gonzalez argues his trial counsel, Joe Alfaro, failed to present potentially mitigating evidence to this Court on his diminished culpability. *See* Doc. 63, p. 4. Mr. Solorzano-Gonzalez states "Petitioner's childhood abuse, mental, psychological and drug addiction were all mitigating factors that Counsel failed to present on the plaintiff's behalf" and Counsel "should have known that Petitioner had diminished culpability to 'ANY' prior act[s] as a juvenile."[1] (Doc. 63-2, p. 49) These arguments are contradicted by the record. Mr. Alfaro presented significant mitigating evidence to this Court, arguing the very same points that Mr. Solorzano-Gonzalez now makes *pro se*. Mr. Alfaro detailed how Mr. Solorzano-Gonzalez's history of being a childhood victim of sexual assault affected him and how his prior production of child pornography occurred while he was a minor. (Doc. 38, pp. 3, 6). This Court even granted Mr. Solorzano-Gonzalez a downward variance during sentencing, citing the mitigating factors that he now argues were never presented. (Doc. 52, pp. 37–40). Since Mr. Alfaro made these arguments, he cannot be found deficient under *Strickland* for not making them.

Second, Mr. Solorzano-Gonzalez argues that Mr. Alfaro "made no efforts to investigate" the disparity between his sentence and those of other, often older, offenders. (Doc. 63, p. 5). In the sentencing memorandum, Mr. Alfaro argued that "other cases involving repeat child pornography offenders, or similar or more aggravating circumstances have received lower sentences than recommended in this case" before

---

[1] Mr. Solorzano-Gonzalez argues that he was a "juvenile" until age twenty-one and thus subject to different standards of culpability. To be clear, he was an adult at the time of his offenses, indictment, and sentencing. Mr. Solorzano-Gonzalez was indicted at age twenty-one for child pornography he transported when he was age twenty. *See* Doc. 1; *see also* Doc. 34. While he started viewing and producing child pornography as a minor, he was only convicted for offenses committed as an adult.

citing six of those cases. (Doc. 38, pp. 9–10). At the sentencing hearing, Mr. Alfaro stated "this Court typically punishes in that 72 to 87-month range for first-time, run-of-the-mill child pornography offenses." (Doc. 52, p. 24). Here, again, Mr. Solorzano-Gonzalez's argument is contradicted by the record. Because Mr. Alfaro made these sentence disparity comparisons, he cannot be found deficient under *Strickland* for not making them.

Third, Mr. Solorzano-Gonzalez argues Mr. Alfaro erred by allowing him to be prosecuted as a "JUVENILE" in "Adult Court." (Doc. 63, p. 7). This argument is without merit. "[A] 'juvenile' is a person who has not attained his eighteenth birthday." 18 U.S.C. § 5031. Mr. Solorzano-Gonzalez was above the age of eighteen at the time of his offenses, indictment, and sentencing.

Fourth, Mr. Solorzano-Gonzalez argues Mr. Alfaro was inexperienced and ill-prepared to the point he "could not function as proper counsel," citing various incidents during the sentencing hearing. (Doc. 63, p. 8); *see also* Doc. 63-1. But these incidents lack context or represent normal statements made during a hearing. For example, Mr. Solorzano-Gonzalez attests Mr. Alfaro "admitted [being ill-prepared] to the Court" during the sentencing hearing. (Doc. 63-1, ¶ 19). But the transcript shows only Mr. Alfaro admitting to not having performed a specific hypothetical sentencing calculation. (Doc. 52, p. 18). To the extent counsel's performance was deficient at all (which it was not), *Strickland* requires that Mr. Solorzano-Gonzalez show that he was prejudiced. Mr. Alfaro's statements at the sentencing hearing did not prejudice Mr. Solorzano-Gonzalez as he cannot demonstrate how the proceeding would have been more favorable without those statements. In fact, Mr. Alfaro presented compelling arguments to this Court during

the hearing, and those arguments resulted in a downward variance for Mr. Solorzano-Gonzalez.

Fifth, Mr. Solorzano-Gonzalez states Mr. Alfaro should have inquired into the metadata the Government produced, apparently alleging it would have shown that Mr. Solorzano-Gonzalez was a juvenile for many of his offenses. Again, this Court was aware that Mr. Solorzano-Gonzalez's child-pornography related conduct reached back to when he was a minor. But the actual transportation occurred when he was age twenty, regardless of when he acquired the child pornography at issue. Failing to produce further evidence to that effect cannot be prejudicial because this Court already considered those facts when granting Mr. Solorzano-Gonzalez a downward variance.

Sixth, Mr. Solorzano-Gonzalez loosely argues that Mr. Alfaro did not assist in the plea-bargaining process, "offer[ing] NO defense of any kind and no representation and just merely went along with whatever the Government . . . presented." (Doc. 63-2, p. 50). Further, Mr. Solorzano-Gonzalez states Mr. Alfaro assured him he would serve only 10–12 years in exchange for the guilty plea. *See* Doc. 63-2, p. 47. These arguments are precluded by exchanges between Mr. Solorzano-Gonzalez and this Court during his change of plea hearing. This Court informed him that the Court retained "the authority and the discretion to impose any lawful sentence up to the statutory maximum," and Mr. Solorzano-Gonzalez attested he understood that discretion. (Doc. 51, p. 13:6–12). When asked whether anyone, including Mr. Alfaro, "promised you that this Court is going to impose any particular sentence," Mr. Solorzano-Gonzalez stated, "No. No they haven't." (Doc. 51, p. 14:1–3). Even if Mr. Alfaro had represented to Mr. Solorzano-Gonzalez that

5

he would only get a specific sentence, any prejudice was cured during his change-of-plea hearing.

As Mr. Solorzano-Gonzalez cannot point to any prejudice he suffered because of any deficiencies in Mr. Alfaro's legal services, his relief cannot rest on ineffective assistance of counsel.

## B. Alternative Theories for Relief

Mr. Solorzano-Gonzalez, alternatively, makes several other claims that merit further discussion.

He makes an argument loosely based in *Brady v. Maryland*, claiming that the Government failed to produce metadata that would prove he accessed and produced child pornography on his iPod instead of his iPhone. *See* 373 U.S. 83 (1963) (holding the prosecution has a duty to hand over exculpatory evidence under the fifth amendment). This argument is related to his ineffective assistance of counsel argument but specifically alleges that the "separate use of the iPod [Juvenile] and the iPhone [Juvenile] evidence is 'material' under Brady, and the failure to disclose it justifies setting aside a conviction." (Doc. 63-2, p. 52) (alterations in original). Mr. Solorzano-Gonzalez does not explain why this distinction is exculpatory, but he appears to argue that the metadata reveals he was a minor during his earlier downloads and production of child pornography. That evidence would not be exculpatory because it does not controvert the charge for which he was convicted—transportation of child pornography on February 28, 2022. The date of download or production is not an element of his offense or conviction.

Mr. Solorzano-Gonzalez also cites cases related to compassionate release under 18 U.S.C. § 3582, but a § 2255 motion is not the proper method for invoking those

6

arguments. *See Fernandez v. United States*, No. 24-556, slip. op. at 11 (U.S. 2026) (reiterating that § 2255 motions are for collateral attacks on convictions while § 3582 provides a different relief "focus[ed] on granting mercy rather than righting wrongs").

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Mr. Solorzano-Gonzalez's § 2255 Motion (Doc. 63) is **DENIED.**

**IT IS SO ORDERED** on this 5th ____ day of June, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

7